IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RAYMOND WOOLLARD ) | Case No. _____ |
| 19109 St. Abraham's Court ) | |
| Hampstead, Maryland 21074 ) | |
| ) | |
| and ) | |
| ) | |
| SECOND AMENDMENT FOUNDATION, INC. ) | |
| 12500 10th Place NE ) | |
| Bellevue, Washington 98005 ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| TERRENCE SHERIDAN, ) | |
| serve:  Maryland State Police ) | |
|      1201 Reisterstown Road ) | |
|      Pikesville, Maryland 21208, ) | |
| ) | |
| DENIS GALLAGHER, ) | |
| SEYMOUR GOLDSTEIN, and ) | |
| CHARLES M. THOMAS, JR. ) | |
| serve:  Handgun Permit Review Board ) | |
|      300 E. Joppa Road, Suite 1000 ) | |
|      Towson, Maryland 21286 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COME NOW** the Plaintiffs, Raymond Woollard and Second Amendment Foundation,

Inc., by and through undersigned counsel, and complain of the defendants as follows:

THE PARTIES

1.      Plaintiff Raymond Woollard is a natural person and a citizen of the United States

and of the State of Maryland.

2.      Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including Maryland. The purposes of SAF include promoting the exercise of the right to keep and bear arms; and education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

3.      Defendant Terrence B. Sheridan is the Secretary and Superintendent of the Maryland State Police. Defendant Sheridan is responsible for executing and administering the State of Maryland's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against plaintiffs, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs. Defendant Sheridan is sued in his capacity as the licensing official for Maryland handgun carry permits.

4.      Defendant Denis Gallagher is a member of the Maryland Handgun Permit Review Board and is sued in that capacity. Defendant Gallagher is responsible for executing and administering the State of Maryland's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against plaintiffs, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs.

5.      Defendant Seymour Goldstein is a member of the Maryland Handgun Permit Review Board and is sued in that capacity. Defendant Goldstein is responsible for executing and administering the State of Maryland's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against plaintiffs, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs.

6.      Defendant Charles M. Thomas, Jr. is a member of the Maryland Handgun Permit Review Board and is sued in that capacity. Defendant Thomas is responsible for executing and administering the State of Maryland's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against plaintiffs, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

8.      Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

9.      The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

10.      The Second Amendment guarantees individuals a fundamental right to carry functional handguns in non-sensitive public places for purposes of self-defense.

11.      The Second Amendment right to keep and bear arms applies as against the states by operation of the Fourteenth Amendment.

12.      Maryland generally prohibits the public carrying of handguns without a license. Md. Criminal Law Code § 4-203; Md. Public Safety Code § 5-303.  The unlicensed carrying of a handgun is a misdemeanor offense, carrying a penalty of 30 days to 3 years imprisonment and/or fine ranging from $250 to $2500 for a first offense. Md. Criminal Law Code § 4-203(c)(2)(i).

13.      Handgun carry permits are issued by the Secretary of the State Police. Md. Public Safety Code § 5-301.

14.     To qualify for a handgun carry permit, an applicant must establish that he or she is an adult; has not been convicted, without pardon, of a felony or misdemeanor for which a term of over 1 year imprisonment has been imposed; has not been convicted of drug crimes; is not an

alcoholic or drug addict; and has not exhibited a propensity for violence or instability that may render the applicant's possession of a handgun dangerous.

15.     Additionally, the Superintendent must determine that the applicant "has good and substantial reason to wear, carry, or transport a handgun, such as a finding that the permit is necessary as a reasonable precaution against apprehended danger." Md. Public Safety Code § 5-306(a)(5)(ii).

16.     Plaintiff Raymond Woollard, an honorably-discharged Navy veteran, resides on a farm in a remote part of Baltimore County.

17.     On Christmas Eve, 2002, Woollard was at his home with his wife, son, daughter, and the daughter's children, when an intruder broke into the home by shattering a window. Woollard trained his shotgun on the intruder, but the latter wrested the shotgun away, and a fight broke out between the two. The fight ended when Woollard's son retrieved another gun and restored order pending the police's arrival.

18.     Woollard's wife called the police, but it took the police approximately 2.5 hours to arrive, owing to some confusion on their part as to the county in which Woollard's house was located. The intruder was convicted of first degree burglary, receiving a sentence of three years probation. The probation was violated with an assault on a police officer and another burglary at a different residence, which finally landed him in prison.

19.     Woollard was issued a permit to carry a handgun, which was renewed in 2005

shortly after the intruder was released from prison. The intruder lives approximately three miles from Woollard.

20.     Woollard applied to renew his handgun carry permit a second time, but on February 2, 2009, was advised that his application was incomplete: "Evidence is needed to support apprehended fear (i.e. - copies of police reports for assaults, threats, harassments, stalking)."

21.     On April 1, 2009, Defendant Sheridan denied Plaintiff Woollard's handgun carry permit renewal application.

22.     Plaintiff Woollard requested an informal review of his permit renewal application denial. The informal review resulted in a second denial on July 28, 2009.

23.     Plaintiff Woollard administratively appealed to the Handgun Permit Review Board.

24.     In a November 12, 2009 decision by Defendants Gallagher, Goldstein, and Thomas, the Board affirmed the denial of Woollard's application, finding that Woollard "has not submitted any documentation to verify threats occurring beyond his residence, where he can already legally carry a handgun." Accordingly, the Board found Plaintiff Woollard "has not demonstrated a good and substantial reason to wear, carry or transport a handgun as a reasonable precaution against apprehended danger in the State of Maryland."

25.     In addition to and quite apart from any threat posed by the man who invaded Woollard's home, Plaintiff Woollard would carry a functional handgun in public for self-defense,

but refrains from doing so because he fears arrest, prosecution, fine, and imprisonment as he does not possess a license to carry a handgun.

## COUNT I
### U.S. CONST., AMEND. II, 42 U.S.C. § 1983

27.     Paragraphs 1 through 26 are incorporated as though fully stated herein.

28.     Individuals cannot be required to prove their "good and substantial reason" for the exercise of fundamental constitutional rights, including the right to keep and bear arms.

29.     Individuals cannot be required to demonstrate that carrying a handgun is "necessary as a reasonable precaution against apprehended danger," or that they face a greater than average level of danger, as a prerequisite for exercising their Second Amendment rights.

30.     Maryland Public Safety Code § 5-306(a)(5)(ii)'s requirement that handgun carry permit applicants demonstrate "good and substantial reason to wear, carry, or transport a handgun, such . . . that the permit is necessary as a reasonable precaution against apprehended danger," violates the Second Amendment to the United States Constitution, damaging Plaintiffs in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to permanent injunctive relief against the enforcement of this provision.

31.     Defendants' application of Maryland Public Safety Code § 5-306(a)(5)(ii)'s requirement that handgun carry permit applicants demonstrate "good and substantial reason to wear, carry, or transport a handgun, such . . . that the permit is necessary as a reasonable precaution against apprehended danger," violates the Second Amendment to the United States Constitution, damaging Plaintiffs in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to permanent injunctive relief against the enforcement of this provision.

## COUNT II
### U.S. CONST., AMEND. XIV, EQUAL PROTECTION, 42 U.S.C. § 1983

32.     Paragraphs 1 through 31 are incorporated as though fully stated herein.

33.     Maryland Public Safety Code § 5-306(a)(5)(ii)'s requirement that handgun carry

permit applicants demonstrate cause for the issuance of a permit violates Plaintiffs' Fourteenth Amendment right to equal protection of the law, damaging them in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to permanent injunctive relief against the enforcement of this provision.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1.      An order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing Maryland Public Safety Code § 5-306(a)(5)(ii);

2.      An order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from denying a permit to carry firearms on grounds that the applicant does not face a level of danger higher than that which an average person would reasonably expect to encounter.

3.      An order commanding Defendants to renew Plaintiff Woollard's permit to carry a handgun;

4.      Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988;

5.      Declaratory relief consistent with the injunction; and

6.      Any other further relief as the Court deems just and appropriate.

Dated: July 29, 2010                          Respectfully submitted,

Alan Gura*                                    Cary J. Hansel
Gura & Possessky, PLLC                        Joseph, Greenwald & Laake
101 N. Columbus Street, Suite 405             6404 Ivy Lane, Suite 400
Alexandria, VA 22314                          Greenbelt, MD 20770
703.835.9085/Fax 703.997.7665                 301.220.2200/Fax 301.220.1214

*Motion for admission pro hac vice
 forthcoming


By: _____/s/_____
        Cary J. Hansel

        Attorneys for Plaintiffs