| | |
|---|---|
| In the matter of the review of the decision of the Superintendent of the Maryland State Police denying the Renewal application for a handgun permit to Raymond Woollard 19109 St. Abrahams Court Hampstead, Maryland 21286 | * Before the <br><br> * Handgun Permit Review Board <br><br> * Case No. 09-4138 <br><br> * MSP No. 438-65541 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DECISION OF THE HANDGUN PERMIT REVIEW BOARD

### Statement of the Case

The applicant, Raymond Woollard, is appealing to the Handgun Permit Review Board (Board) from the decision of the Superintendent of the Maryland State Police (MSP) denying his renewal application for a handgun permit.

### Background

The applicant, Raymond Woollard, submitted a renewal application for a handgun permit to the MSP on October 3, 2008. Mr. Woollard listed his occupation as electrician and his employer as the University of Maryland. The Superintendent of the MSP denied the permit application, because he concluded that the applicant had not demonstrated a good and substantial reason to wear, carry, or transport a handgun as a reasonable precaution against apprehended danger.

On November 3, 2009, the Board held a hearing on Raymond Woollard's appeal. Present at the hearing were Board members: Charles L. Washington, Denis Gallagher, Seymour Goldstein and Charles M. Thomas, Jr – Acting Chair. Present for the Maryland State Police was Sgt. Arthur Griffies. The applicant, Raymond Woollard was present as well as two witnesses, Deborah Woollard and Charles Knott. Testimony at the hearing was received from Raymond Woollard, Deborah Woollard, Charles Knott and Sgt. Griffies.

### Applicant's Testimony

The applicant, Raymond Woollard, testified he was assaulted by his son-in-law, Mr. Kris Lee Abbott, on Christmas Eve 2002. The applicant stated that at the time Mr. Abbott was on drugs and had come to the house to get the applicant's

daughter's car to drive to Baltimore City and acquire more drugs. The applicant testified he would not let Mr. Abbott into his house so Mr. Abbott began calling the house from outside on a cell phone. The applicant testified Mr. Abbott began running around the house rapping on each window when the phone calls were disconnected. The applicant testified Mr. Abbott broke into his house through a glass door and attacked him. The applicant stated his son came out of a room and aimed a shotgun at Mr. Abbott and told him to stop. The applicant testified at that time everyone went downstairs and waited for the police to arrive. The applicant stated that due to problems with the 9-1-1 system and the misunderstanding about which county the applicant's house was in it took the Baltimore County Police 2 ½ hours to respond to the call.

The applicant stated he has had no contact with his son-in-law since the incident. In addition, the applicant feels strongly that the reason his son-in-law has not approached him is due to the fact that his son-in-law knows he had a handgun permit.

## MSP Testimony

At the November 3, 2009 hearing, the MSP testified that the applicant was originally issued a permit in 2003. The MSP stated the applicant was a key witness in a trial that led to a conviction and the incarceration of his son-in-law, Kris Abbott. The MSP further stated the applicant's first renewal was based on information that Mr. Abbott was released from confinement in 2006 and Mr. Abbott had apprehended fear there would be retaliation.

The MSP testified the applicant was advised that in order for his renewal to be approved he would need to submit documented threats or incidents that had occurred in the last three years. The MSP stated the applicant failed to submit any documentation. The MSP testified the applicant was told to contact them immediately if his situation changed or if he received threats.

## Findings of Fact

The Board finds the applicant was attacked by his son-in-law in December 2002 at his residence. The Board further finds the applicant has not had any contact with his son-in-law since then. In addition, the Board finds the applicant has not submitted any documentation to verify threats occurring beyond his residence, where he can already legally carry a handgun.

## Conclusions of Law

Based upon its findings of fact, the Board finds that the applicant has not demonstrated a good and substantial reason to wear, carry, or transport a handgun as a reasonable precaution against apprehended danger in the State of Maryland.

## Order

On a motion to uphold the Maryland State Police, by a majority vote, with Charles Washington abstaining, the decision of the Board is to uphold the action of the Superintendent of the Maryland State Police.

_____
Charles M. Thomas, Jr. – Acting Chair
Date: November 12, 2009