

# GURA & POSSESSKY, P.L.L.C.
101 N. COLUMBUS STREET, SUITE 405
ALEXANDRIA, VIRGINIA 22314
TEL. 703.835.9085/FAX 703.997.7665

November 15, 2010

*Via CM/ECF*

The Hon. J. Frederick Motz
United States District Judge
United States District Court for the
 District of Maryland
101 West Lombard Street
Baltimore, MD 21201

  Re: *Woollard v. Sheridan*,
    U.S. Dist. Ct. D. Md. No. 10-CV-02068-JFM

Dear Judge Motz:

  In response to Defendants' request for a status conference, we submit that the routine filing of a cross-dispositive motion does not occasion a status conference.

  The rules governing this procedure are clear:

- As of December 1, 2009, plaintiffs may file a motion for summary judgment along with their complaint. Fed. R. Civ. Proc. 56(c)(1). The previous rule allowed summary judgment motions twenty days after initiation of the action.

- By local rule, when two parties wish to file summary judgment motions, counsel are required to meet and confer over which party files the first motion. Local Rule 105(2)(c). This rule does not empower one party to veto another party's access to summary judgment. Nor does the rule apply in this instance, as Defendants do not presently intend to move for summary judgment. Thus there is nothing to coordinate with Defendants in terms of competing summary judgment motions.

- Where a summary judgment motion in a factually-disputed case is premature, the party opposing the motion may respond by seeking discovery under Rule 56(f). Relief under Rule 56(f) is not automatic. The party invoking this rule must identify which facts it expects its desired discovery to produce. Rule 56(f) is inapplicable to Plaintiffs' motion, because Plaintiffs' motion is aimed exclusively at a legal, not a factual, dispute. The only salient facts are Defendants' practices,

reflected in statutes and codes of which the Court may take judicial notice. And there is no dispute that the challenged provisions are applied against Plaintiffs.

- Courts resolve legal disputes on cross-dispositive motions because doing so is highly efficient. Each side claims it is entitled to a judgment as a matter of law, and the court, considering *both* sides, will often grant one of the competing motions. There is no reason to consider the case piecemeal, hearing only one side of the case.[1] Indeed, even if this Court were to grant Defendants' motion to dismiss, and deny Plaintiffs' motion as moot, the appellate courts would prefer a complete record. For example, the leading Second Amendment case, *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), saw both the D.C. Circuit and Supreme Court grant a plaintiff's motion for summary judgment that the district court did not reach, as it had granted the defendants' motion to dismiss. Had the summary judgment motion not been filed, that case would still be unresolved.

- Defendants have not sought additional time to plead. We have previously consented to an extension of time for Defendants, and would again readily agree to any ordinary extension request provided reciprocal courtesies are afforded. Requests to which the parties could not agree would be governed by a noticed motion, for good cause, under Rule 6.

In sum, Plaintiffs' motion is ordinary, and is provided for by the rules and by well-established practice. If Defendants need more time to respond to the motion, they can request more time, and we would be happy to have the Court accommodate them within reason. If Defendants believe that the motion is premature, the rules provide them an avenue to make that argument, too. But respectfully, Plaintiffs are entitled to ask this Court for relief, and at least, to make the record. The rules provide as much. Plaintiffs would welcome the opportunity to have a substantive argument on the merits of the cross-dispositive motions.

Sincerely,

Alan Gura

cc: All Counsel of Record via CM/ECF

---

[1] Defendants' motion is based on the long-rejected contention that Plaintiffs must exhaust state administrative remedies before pursuing constitutional claims. That is not correct. Federal courts have primary jurisdiction to resolve federal civil rights questions.