# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**RAYMOND WOOLLARD,** *et al.*,          *

                                        *

    *Plaintiffs*,

                                        *

v.                                        Civil Case No. 1:10-cv-02068-JFM

                                        *

**TERRENCE SHERIDAN,** *et al.*,

                                        *

    *Defendants*.

                                        *

\*   \*   \*   \*   \*   \*          \*   \*   \*   \*   \*   \*

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Terrence Sheridan, Denis Gallagher, Seymour Goldstein, and Charles M. Thomas, Jr., through their undersigned counsel, file this Answer to plaintiffs' first amended Complaint and state the following:

1.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1 of the first amended Complaint and, therefore, deny those averments.

2.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 2 of the first amended Complaint and, therefore, deny those averments.

3.	Defendants admit the allegations of the first sentence of Paragraph 3 of the first amended Complaint.  With respect to the second sentence, Defendants admit only that Defendant Sheridan is responsible, as Secretary of the Department of State Police, for receiving, processing, and approving, denying, or revoking applications to obtain or renew handgun wear and carry permits, and then for issuing handgun wear and carry permits when applications are approved.  Defendants further admit that Defendant Sheridan approved the issuance of two handgun wear and carry permits to Plaintiff Woollard, and, in 2009, denied issuance of a third permit.  Defendants deny the remaining allegations of the second sentence of Paragraph 3.  The third sentence of Paragraph 3 is a statement of Plaintiffs' intention and does not require a response.

4.	Defendants admit the first part of the first sentence of Paragraph 4 of the first amended Complaint, namely that Defendant Denis Gallagher is a member of the Maryland Handgun Permit Review Board.  The second part of the first sentence of Paragraph 4 is a statement of Plaintiffs' intention and does not require a response.  With respect to the second sentence, Defendants admit only that the Board is responsible for reviewing the decisions of the Secretary of the Department of State Police regarding denial or revocation of applications to obtain or maintain handgun wear and carry permits.  This responsibility includes sustaining, reversing, or modifying decisions of the Secretary after reviewing relevant evidence.  Defendants deny the remaining allegations of the second sentence of Paragraph 4, except that they admit that the Handgun Permit Review Board, after conducting a hearing, sustained the denial of Mr. Woollard's application for a second renewal of his handgun wear and carry permit.

5.      Defendants admit the first part of the first sentence of Paragraph 5 of the first amended Complaint, namely that Defendant Seymour Goldstein is a member of the Maryland Handgun Permit Review Board.  The second part of the first sentence of Paragraph 5 is a statement of Plaintiffs' intention and does not require a response. With respect to the second sentence, Defendants incorporate by reference their response in Paragraph 4 above.  Defendants deny the remaining allegations of the second sentence of Paragraph 5.

6.      Defendants admit the first part of the first sentence of Paragraph 6 of the first amended Complaint, namely that defendant Charles M. Thomas, Jr. is a member of the Maryland Handgun Permit Review Board.  The second part of the first sentence of Paragraph 6 is a statement of Plaintiffs' intention and does not require a response.  With respect to the second sentence, Defendants incorporate by reference their response in Paragraph 4 above.  Defendants deny the remaining allegations of the second sentence of Paragraph 6.

7.      Paragraph 7 of the first amended Complaint states a legal conclusion as to which no response is required.

8.      Paragraph 8 of the first amended Complaint states a legal conclusion as to which no response is required.

9.      Paragraph 9 of the first amended Complaint purports to quote a written document that speaks for itself and Defendants defer to that document.  Moreover, Plaintiffs have misquoted the document, the actual text of which is: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

10. Paragraph 10 of the first amended Complaint states a legal conclusion as to which no response is required. To the extent any response is required, Defendants deny the allegations.

11. Paragraph 11 of the first amended Complaint states a legal conclusion as to which no response is required.

12. Paragraph 12 of the first amended Complaint states legal conclusions as to which no response is required. Moreover, Paragraph 12 purports to summarize statutory provisions that are in writing and speak for themselves. Defendants deny Plaintiffs' attempt to characterize and summarize the statutes, and defer to the text of the statutes for their requirements.

13. Defendants deny the allegation of Paragraph 13 of the first amended Complaint as phrased. Handgun wear and carry permits are issued by the Secretary of the Department of State Police pursuant to Md. Code, Ann., Public Safety § 5-306.

14. Paragraph 14 of the first amended Complaint purports to summarize the text of a statute that is in writing and speaks for itself. Defendants deny Plaintiffs' attempt to characterize and summarize that statute, and defer to the text of the statute for its requirements.

15. Defendants incorporate by reference their answer to Paragraph 14. By way of further response, Defendants admit that Plaintiffs have accurately quoted Md. Code Ann., Public Safety § 5-306(a)(5)(ii).

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the first amended Complaint and, therefore, deny those allegations.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the first amended Complaint and, therefore, deny those allegations. By way of further response, upon information and belief, the "intruder" mentioned in Paragraph 17 of the first amended Complaint was Plaintiff Woollard's son-in-law, Kris Lee Abbott, who arrived at Plaintiff Woollard's home unarmed; the shotgun involved in the altercation was introduced by Mr. Woollard; and the only person at whom Mr. Abbott pointed the gun was Mr. Abbott himself, not Mr. Woollard or members of Mr. Woollard's family.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the first amended Complaint and, therefore, deny those allegations.

19. Defendants admit that Plaintiff Woollard was issued a handgun wear and carry permit and that this permit was renewed once, in 2006. With respect to the remaining allegations in Paragraph 19 of the first amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to their truth and, therefore, deny those allegations.

20. Defendants admit that Plaintiff Woollard applied to renew his handgun wear and carry permit a second time. The remaining allegations in Paragraph 20 of the first amended Complaint are an attempt to summarize a written document that speaks for itself and Defendants defer to that document in its entirety. By way of further response, Defendants admit that Plaintiffs have accurately quoted a portion of that document.

21. Defendants admit that Plaintiff Woollard's 2008 handgun wear and carry permit renewal application was denied on April 1, 2009, but deny the remaining allegations of

Paragraph 21 of the first amended Complaint as phrased. By way of further response, Plaintiff Woollard's 2008 handgun wear and carry permit renewal application was denied by Defendant Sheridan acting through personnel of the Department of State Police.

    22.    Defendants admit the allegations of Paragraph 22 of the first amended Complaint.

    23.    Defendants admit the allegations of Paragraph 23 of the first amended Complaint.

    24.    Defendants admit the allegations of the first part of the first sentence of Paragraph 24 of the first amended Complaint, namely that the Board affirmed the denial of Plaintiff Woollard's application to renew his handgun wear and carry permit on November 12, 2009. The remaining allegations in Paragraph 24 of the first amended Complaint purport to summarize a written document that speaks for itself and Defendants defer to that entire document. Defendants deny Plaintiffs' attempts to characterize the contents of the document out of context. By way of further response, Defendants admit that Plaintiffs have accurately quoted isolated portions of the document.

    25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the first amended Complaint and, therefore, deny those allegations.

27. Paragraph 27[1] of the first amended Complaint is not a substantive allegation to which any response is required. To the extent a response is required, Defendants incorporate by reference their responses in paragraphs 1-25 above.

28. Paragraph 28 of the first amended Complaint states legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations.

29. Paragraph 29 of the first amended Complaint states legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. Paragraph 30 of the first amended Complaint states legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations.

31. Paragraph 31 of the first amended Complaint states legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations.

32. Paragraph 32 of the first amended Complaint is not a substantive allegation to which any response is required. To the extent a response is required, Defendants incorporate by reference their responses in paragraphs 1-25 and 28-31 above.

33. Paragraph 33 of the first amended Complaint states legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations.

---

[1] The first amended Complaint does not include a numbered paragraph 26. For ease of reference, this Answer refers to the paragraphs after paragraph 25 by the number designated in the first amended Complaint.

## AFFIRMATIVE DEFENSES

1. The first amended Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

2. This action is barred by plaintiffs' failure to exhaust administrative remedies, including, but not limited to, internal administrative procedures and/or statutory administrative procedures, and to appeal within the State of Maryland judicial system, and therefore this Court lacks jurisdiction over plaintiffs' claims.

3. Plaintiff Second Amendment Foundation lacks standing to maintain this action.

4. Defendants are entitled to judgment against Plaintiffs to the extent Plaintiffs have an adequate remedy at law.

5. Defendants are entitled to judgment against Plaintiffs to the extent Plaintiffs' claims for relief are barred by laches, estoppel, or waiver.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

DAN FRIEDMAN (Bar ID. 24535)
Assistant Attorney General
Office of the Attorney General
Legislative Services Building
90 State Circle
Annapolis, Maryland 21401
(410) 946-5600
dfriedman@oag.state.md.us

                                                  _____/s/_____
MATTHEW J. FADER (Bar ID. 29294)
Assistant Attorney General
STEPHEN M. RUCKMAN (Bar ID. 28981)
Attorney
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-7906
mfader@oag.state.md.us
sruckman@oag.state.md.us

Dated: February 8, 2011