UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**BENSON EVERETT LEGG**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-0723 |

July 18, 2011

MEMORANDUM TO COUNSEL RE:     <u>Woolard, et al. v. Sheridan, et al.</u>
                              Civil No. L-10-2068

Dear Counsel:

A hearing is currently scheduled for Thursday, July 21, 2011 to consider the parties' Cross-Motions for Summary Judgment. I wish to thank counsel for submitting such comprehensive and well written briefs. Below are some of my initial thoughts on the case, in order that counsel may be guided somewhat in their preparation for the hearing. No written response is required.

From my reading of the briefs and the relevant case law, it appears that the following points are not in serious dispute:

- The "core" of the Second Amendment protection as articulated in *Heller* and *McDonald* encompasses the right of law-abiding individuals to possess handguns in the home for self-defense.
- When considering legislation regulating conduct outside this core area, but still within the scope of the Second Amendment right, intermediate scrutiny is appropriate.
- This case does not implicate any of the "presumptively lawful regulatory measures," such as prohibitions on firearms ownership by convicted felons or the mentally ill, laws forbidding the carrying of firearms in sensitive places, or laws imposing conditions and qualifications on the commercial sale of arms.
- The Court should consider the regulatory scheme as a whole rather than analyzing only the challenged portions of the law.

The key questions on which this case will turn, therefore, are the following:

- Do the regulations here at issue satisfy intermediate scrutiny?
    - What is the nature and extent of the state's interest in the regulations?
    - How are these regulations tailored to advance the state's interest?
- If the challenged regulations would <u>not</u> satisfy intermediate scrutiny, does the Second Amendment right extend outside the home at all? The majority in *Masciandaro* expressly reserved this question, and suggested that it should not be decided unless absolutely necessary.

Additional questions that will inform the above:

- To what extent is First Amendment doctrine properly applied in the Second Amendment context?  Is it merely instructive in determining the level of scrutiny applicable to the circumstances, or do concepts such as prior restraint and overbreadth apply as well?
- What is the appropriate role of social science data in determining whether the state's carry law passes constitutional muster?

Since briefing began on the Motions now before the Court, two important decisions have been handed down: *United States v. Masciandaro*, 638 F.3d 458 (4th Cir. March 28, 2011) and *Ezell v. Chicago*, No. 10-3525, 2011 WL 2623511 (7th Cir. July 6, 2011).  *Masciandaro* was treated briefly in the parties' reply briefs; *Ezell* was decided after briefing had been completed.  Please be prepared to discuss these two cases in detail.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____

Benson Everett Legg