IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND WOOLLARD, et al., | ) | Case No. 1:10-cv-02068-BEL |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARCUS BROWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

NOTICE OF NEWLY DECIDED AUTHORITY

TO THE HONORABLE COURT AND ALL PARTIES, please take notice that on January 23, 2012, the Court of Appeals for the Fourth Circuit issued an opinion in *United States v. Carter*, 2012 U.S. App. LEXIS 1243 (4th Cir. Jan. 23, 2012).

In *Carter*, the Fourth Circuit vacated the defendant's conviction for violating 18 U.S.C. § 922(g)(3), and remanded the case so that the District Court may consider actual evidence, rather than "mere 'anecdote and supposition,'" in testing the constitutionality of disarming an admitted marijuana user. *Carter*, 2012 U.S. App. LEXIS 1243 at *16 (citation omitted).

The Fourth Circuit again directed the use of intermediate, rather than strict scrutiny, because the defendant (unlike Plaintiffs here) was not a responsible, law-abiding citizen. "The weight of the right to keep and bear arms depends not only on the purpose for which it is exercised but also on relevant characteristics of the person invoking the right." *Carter*, at *7. "While we have noted that the application of strict scrutiny is important to protect the core right of self-defense identified in *Heller*, that core right is only enjoyed, as *Heller* made clear, by 'law-abiding, responsible citizens.'" *Carter*, at *12 (citations omitted).

While the Fourth Circuit again authorized the use of a wide variety of data to conduct the intermediate scrutiny analysis, it expressly declined to authorize the use of such data to test the existence of the Second Amendment right, which was presumed:

> [A]gain we will *assume* that Carter's circumstances implicate the Second Amendment . . . and our remand in this case is to afford the government the opportunity to substantiate the record and Carter the opportunity to respond. If we ultimately conclude that step two cannot be satisfied, we will need to address the government's argument under step one.

*Carter*, at *11-*12 (citations omitted) (emphasis original).

The Fourth Circuit reiterated its view that in *Heller*, the Supreme Court "observed [that] the right to self-defense is at its zenith within the home . . . [but] did not decide whether, or to what extent, the Second Amendment protects a right to self-defense outside of the home." *Carter*, 2012 U.S. App. LEXIS 1243 at *7 (citation omitted). Thus, whether or to what extent the Second Amendment protects a right to self-defense outside the home would depend upon how "the right to keep and bear arms was understood by the founding generation." *Carter*, at *6. "This historical inquiry seeks to determine whether the conduct at issue was understood to be within the scope of the right at the time of ratification." *Carter*, at *9-*10 (citation omitted).

As Plaintiffs have shown, the right to carry arms publicly for self-defense was understood at the time of the ratification to be encompassed within the Second Amendment. No amount of social science data can refute this fact. The right to carry guns being a freedom guaranteed by the Constitution, it cannot be withheld at the personal discretion of a licensing official. And to the extent that means-ends scrutiny applies, in that Defendants are classifying law-abiding, responsible people in the exercise of a Second Amendment right, strict scrutiny is the correct test.

Dated: January 27, 2012  Respectfully submitted,

| | |
|---|---|
| Alan Gura | Cary J. Hansel |
| Gura & Possessky, PLLC | Joseph, Greenwald & Laake |
| 101 N. Columbus Street, Suite 405 | 6404 Ivy Lane, Suite 400 |
| Alexandria, VA 22314 | Greenbelt, MD 20770 |
| 703.835.9085/Fax 703.997.7665 | 301.220.2200/Fax 301.220.1214 |

By: /s/ Alan Gura                    By: /s/ Cary J. Hansel
  Alan Gura                              Cary J. Hansel

                                       Attorneys for Plaintiffs