IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND WOOLLARD, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No. 1:10-cv-2068-BEL |
| MARCUS BROWN, *et al.*, | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SUPPLEMENT TO MOTION FOR CLARIFICATION OR AMENDMENT OF ORDER AND FOR IMMEDIATE STAY PENDING APPEAL**

On March 7, 2012, the defendants filed their Motion for Clarification or Amendment of Order and for Immediate Stay Pending Appeal (ECF No. 54). After filing the motion, defendants' counsel received an e-mail from plaintiffs' counsel requesting that the defendants supplement their filing by submitting a proposed order "addressing the clarification portion of [the] motion."[1] Plaintiffs' counsel stated that in the absence of such a proposed order they did not know what the defendants were asking for. In response to plaintiffs' counsel's request, the defendants have prepared the attached draft order, which, as explained below, corresponds to one of two potential dispositions of the plaintiffs' request for injunctive relief that the Court may have intended.

The defendants did not originally provide a proposed order addressing their request for clarification or amendment because the essence of the request is to ask the

---

[1] With the motion, the defendants submitted a proposed order addressing their request for a stay (ECF No. 54-1), but did not submit a proposed order addressing their request for clarification or amendment.

Court for clarification of its intent in issuing its March 2, 2012 order (ECF No. 53). The defendants do not believe their motion was ambiguous in its request for clarification or that the absence of a proposed order should inhibit the plaintiffs in responding to the request. If the Court intended to grant only declaratory relief, and to deny the plaintiffs' request for injunctive relief, the defendants' request is simply that the Court enter a clarifying order saying so. To accommodate the plaintiffs' request, the form of a potential order of clarification specifying this disposition is attached.

If, on the other hand, the Court intended to grant injunctive relief in addition to declaratory relief, the defendants request that the Court amend its March 2, 2012 order to state specifically the terms of the injunction, and to "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d). In either case, such a clarification will facilitate effective appellate review.

For two reasons, the defendants are not providing an alternative proposed order to be entered if the Court intended to grant some or all of the plaintiffs' requested injunctive relief. First, although the Court's intent with respect to declaratory relief is clear from the memorandum opinion (ECF No. 52)—the Court has declared unconstitutional § 5-306(a)(5)(ii)[2] of the Public Safety Article of the Maryland Code—the defendants are uncertain as to the Court's intended disposition of the plaintiffs' request for injunctive

---

[2] In their Motion for Clarification or Amendment and for Immediate Stay Pending Appeal (ECF No. 54), the defendants mistakenly cited the relevant provision as § 5-306(a)(ii) of the Public Safety Article, inadvertently omitting the "(5)." The correct provision at issue is § 5-306(a)(5)(ii).

relief. *See* ECF No. 54, at 5-7. The defendants have not requested additional or new relief in their motion, but simply ask for clarification as to the relief the Court intended to award by its March 2, 2012 order (ECF No. 53).

Second, the defendants do not believe that the plaintiffs carried their burden in demonstrating an entitlement to injunctive relief. Indeed, the plaintiffs' summary judgment briefs fail even to discuss the multiple factors relevant to an award of permanent injunctive relief, much less to demonstrate that they satisfied the relevant test with respect to each form of injunctive relief sought in the plaintiffs' complaint. *See, e.g.*, *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (listing factors). An award of injunctive relief does not follow directly from success on the merits. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 32 (2008). This Court found that the plaintiffs had succeeded on the merits, but did not find that the plaintiffs had demonstrated the predicate factors for entering injunctive relief. Accordingly, the defendants have not proposed an order setting forth the terms of an injunction.

        Respectfully submitted,

        DOUGLAS F. GANSLER
        Attorney General of Maryland

        DAN FRIEDMAN (Fed. Bar # 24535)
        Assistant Attorney General
        Office of the Attorney General
        Legislative Services Building
        90 State Circle, Room 104
        Annapolis, Maryland 21401
        Tel. 410-946-5600
        dfriedman@oag.state.md.us

                    /s/
_____
MATTHEW J. FADER (Fed. Bar # 29294)
STEPHEN M. RUCKMAN (Fed. Bar # 28981)
Assistant Attorneys General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
Tel. 410-576-7906
Fax. 410-576-6955
mfader@oag.state.md.us
sruckman@oag.state.md.us

March 9, 2012                    Attorneys for Defendants