IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND WOOLLARD, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No. 1:10-cv-2068-BEL |
| MARCUS BROWN, *et al.*, | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

Upon consideration of the defendants' motion for clarification under Federal Rule of Civil Procedure 59(e), and any response thereto, that motion is GRANTED, and the Court provides this additional clarification of its March 2, 2012 order (ECF No. 53). The Court granted the plaintiffs' request for declaratory relief by declaring, in its memorandum opinion (ECF No. 52), "[b]ecause the 'good and substantial reason' requirement is not reasonably adapted to a substantial government interest, the Court finds this portion of the Maryland law to be unconstitutional." ECF No. 52, at 2.

The Court did not grant, and intended to deny, the plaintiffs' requested injunctive relief. "An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 32 (2008). Beyond prevailing on the merits, the plaintiffs were required to demonstrate that they met all of the criteria required for issuance of an injunction, including demonstrating irreparable injury, inadequacy of legal remedies, that an

equitable remedy is warranted in light of balance of hardships, and that the public interest would not be disserved by an injunction. *See, e.g.*, *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The plaintiffs failed to do so, and their request for injunctive relief is therefore denied.

_____
Benson Everett Legg
United States District Judge